IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOISE JEROME                       :    CIVIL ACTION
                                   :
          v.                       :
                                   :
PHILADELPHIA HOUSING AUTHORITY,    :
et al.                             :    NO. 19-272

                           MEMORANDUM

Bartle, J.                                          June 11, 2019

       Moise Jerome, a former employee of the Philadelphia Housing Authority ("PHA"), has brought this action against PHA and several PHA officials alleging discrimination on the basis of race and/or gender in violation of 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 et seq.  Before the court is the motion of defendants for a confidentiality order.

       Defendants' motion for a confidentiality order seeks to limit the disclosure and use of PHA Office of Audit and Compliance ("OCA") Report No. 18-232, which memorializes an internal PHA investigation into potential misconduct by Jerome and a former employee of PHA who is not party to this action. The two-page proposed confidentiality order sought by defendants, which was filed as an exhibit to defendants' motion, provides that plaintiff and plaintiff's counsel shall maintain the report as confidential and shall use it solely for purposes

of this litigation. It further provides that the report shall be filed under seal only and shall be returned to counsel for defendants within 60 days after termination of this action. The confidentiality order applies only to OAC investigative reports and not to any other information exchanged in this action, and may be modified by further order of the court.[1]

Plaintiffs have refused to agree to such an order or to any provisions for confidentiality. We held a telephone conference with counsel and thereafter conducted an in camera review of the Report.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1).

The Court of Appeals set forth the law with respect to confidentiality orders in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). There, the Court overruled a district

---

1. Although the confidentiality order applies to "OAC investigation files" generally, we understand from counsel that only Report No. 18-232 is at issue here.

court order providing confidentiality for a settlement agreement in a civil rights action instituted under 42 U.S.C. § 1983 by a former Police Chief against the Borough of Stroudsburg. Pansy, 23 F.3d at 775.

In Pansy, the Court of Appeals reaffirmed the long-standing principle that district courts have inherent equitable power by means of protective orders, "to prevent abuses, oppression, and injustices" in discovery and "to grant confidentiality orders, whether or not such orders are specifically authorized by procedural rules."[2] Id. at 785 (internal quotation marks and citations omitted). In making a determination whether good cause exists for a protective order, a court must engage in a balancing process. Id. at 786. In doing so, we have flexibility to "minimize the negative consequences of disclosure." Id. at 787. The burden to show good cause rests on the party seeking a protective order. Id. at 786-87.

The Pansy court identified a number of factors which the court must consider in resolving this tension between privacy and the right to know:

---

2. While Pansy dealt with the confidentiality of a settlement agreement, the Court of Appeals noted that protective orders for discovery material raise "similar public policy concerns." 23 F.3d at 786. In each, the court must resolve the tension between privacy interests and another party's or the public's right to know. See id. at 786-87.

>     (1) whether disclosure will violate any
>     privacy interests;
>
>     (2) whether the information is being sought
>     for a legitimate purpose or an improper
>     purpose;
>
>     (3) whether disclosure of the information
>     will cause a party embarrassment;
>
>     (4) whether confidentiality is being sought
>     over information important to public health
>     and safety;
>
>     (5) whether the sharing of information among
>     litigants will promote fairness and
>     efficiency;
>
>     (6) whether a party benefitting from the
>     order of confidentiality is a public entity
>     or official; and
>
>     (7) whether the case involves issues
>     important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91).

Here, Jerome seeks disclosure of a confidential internal investigation conducted by PHA. Disclosure will violate the privacy interests of private individuals who are not parties to this action. The information sought relates to potential discipline of not only Jerome, but also his former partner and supervisor, and thus may cause embarrassment.[3] We

---

3. Counsel for Jerome represents that Jerome's former partner would consent to disclosure of the report but has not attached to his response a copy of any valid consent. Regardless, there is no indication that Jerome's former supervisor would consent to release of the report.

understand that the discipline is currently being grieved by the employees' union and thus is not final.  The report also includes the statements of nonparty witnesses who agreed to come forward to offer information regarding the incident.

The information being sought is for a legitimate purpose, that is, to shed light on the incident giving rise to Jerome's termination.  PHA is a public entity and the pursuit at issue here, which led to a crash between the vehicle pursued and a third-party's vehicle, is arguably an issue of public importance.  But after weighing the factors set forth in Pansy, we find at this time that the privacy interests of these nonparties in their sensitive personnel records outweigh any public interest in the unrestricted public disclosure of this Report.  We further note that public disclosure of the report may cause embarrassment to nonparty witnesses who were interviewed in connection with the investigation and may impede future efforts by PHA to encourage employees to provide candid information in future investigations.

Jerome asserts that the pursuit that is the subject of the OAC Report is already "out in the public" because it is mentioned in the complaint filed in this action as well as filings made in a related action, Jacqueline Hampshire, et al. v. Phila. Housing Auth., et al., No. 17-4423 (E.D. Pa.).  He thus reasons that the OAC Report should be produced without any

confidentiality restrictions.  However, the OAC Report contains details regarding the pursuit and the investigation of it, including the identity of individuals who came forward to provide information, that have not been publicly disclosed.  Accordingly, Jerome's position misses the mark.

In a supplemental opposition to the motion, Jerome also cites the recent decision of our Court of Appeals in <u>In re: Avandia Marketing, Sales Practices and Products Liability Litigation</u>.  No. 18-2259, 2019 WL 2119630 (3d Cir. May 15, 2019).  That case did not deal with an order preserving the confidentiality of discovery materials.  Instead, it dealt with the more rigorous common law right of access that applies when discovery materials are filed as court documents.  <u>Id.</u> at *3-4, *6.  At this stage of the proceedings, we are concerned only with the less rigorous analysis under Rule 26 and <u>Pansy</u> applicable to discovery materials.  As stated above, the proposed confidentiality order provides that it may be modified by further order of court.  We thus need not reach at this time whether the investigative report would be subject to public disclosure under the common law right of access applicable to court documents.

We next turn to the countermotion of Jerome to compel discovery.  In support, Jerome states that on April 10, 2019 he served written discovery requests on defendants and did not

receive a response within thirty days.  However, defendants have pointed out that service of these discovery requests was made before the parties met and conferred as required under Rule 26(f) of the Federal Rules of Civil Procedure and prior to the status conference under Rule 16.  Thus, the requests were premature.  Defense counsel reports that a meet and confer occurred on April 18, 2019 and thereafter defendants agreed to respond to Jerome's requests within thirty days of that date, on or before May 20, 2019.[4]  In the absence of information to the contrary, we presume that defendants have followed through on that promise and thus have now provided timely responses to the discovery requests.

Accordingly, the motion of defendants for a confidentiality order will be granted.  The countermotion of Jerome to compel will be denied without prejudice.

---

4. May 18, 2019 fell on a Saturday, which means that the responses would be due on May 20, 2019, the next day that is not a Saturday, Sunday, or legal holiday.  See Fed. R. Civ. P. 6(a)(1)(C).